# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------- x
IN RE:  ASBESTOS PRODUCTS              :
LIABILITY LITIGATION (NO. VI)          :        CIVIL ACTION NO. MDL 875
------------------------------------------- x
This Document Relates To:              :
------------------------------------------- x
JANE MOSS, Individually and as         :        Transferee E.D. Pa.
Special Administrator of the Estate of :          Case No. 13-cv-60004
HARRY W. MOSS, Deceased,               :
                                       :
               Plaintiff,              :        Transferor W.D. Wis.
                                       :          Case No. 13-cv-042
          v.                           :
                                       :
CBS CORPORATION et al.,                :        Oral Argument Requested
                                       :          Under Local Rule 7.1(f)
               Defendants.             :
------------------------------------------- x
```

## OWENS-ILLINOIS, INC.'S
## MOTION FOR SUMMARY JUDGMENT

Robert H. Riley
Edward Casmere
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois  60606
(312) 258-5500
(312) 258-5600 (facsimile)
*Attorneys for Defendant*
*Owens-Illinois, Inc.*

## TABLE OF CONTENTS

I.     **INTRODUCTION** ................................................................. 1

II.    **FACTUAL AND PROCEDURAL BACKGROUND** ..................... 1

III.   **LEGAL STANDARD** ......................................................... 5

     A.   The Summary Judgment Standard ........................................ 5

     B.   The Applicable Law of Wisconsin ....................................... 6

IV.   **ARGUMENT** ................................................................... 6

     A.   Owens-Illinois Is Entitled to Summary Judgment Because
           Plaintiff Has No Causation Evidence Against Owens-Illinois.................. 6

         1.   Wisconsin Demands Proof of Substantial Factor
             Causation in Asbestos Cases. .............................................. 6

         2.   Owens-Illinois Cannot Be Held Liable for Kaylo
             Exposure After April 30, 1958. ........................................... 8

         3.   Plaintiff Has No Exposure Evidence as to Owens-
             Illinois Kaylo. ................................................................. 10

     B.   Owens-Illinois Is Entitled to Summary Judgment Because No
           Expert Has a Specific Causation Opinion as to Owens-Illinois. ............. 10

     C.   Owens-Illinois Is Entitled to Costs, Expenses, and Attorneys'
           Fees Under 28 U.S.C. § 1927 ............................................ 12

V.    **CONCLUSION** ............................................................... 15

## I.     INTRODUCTION

This is the second asbestos case filed by Plaintiff Jane Moss.  After fact discovery closed in her first asbestos case, she voluntarily dismissed her suit against sixty defendants, including Owens-Illinois, Inc. ("Owens-Illinois").  Docket Sheet, No. 2:11-cv-64233-ER.  She then re-filed suit against Owens-Illinois and eleven other defendants, claiming that her deceased husband, Harry Moss, contracted lung cancer from exposure to asbestos-containing products in Wisconsin.  Compl. (Ex. A) at ¶¶ 20-25.

Owens-Illinois is entitled to summary judgment because there is no genuine dispute of material fact on two issues of Wisconsin law.  First, there is no admissible evidence that Mr. Moss ever was exposed to any asbestos-containing product made or sold by Owens-Illinois—much less the required evidence that it was a substantial factor in causing his lung cancer.  Second, no expert has opined that exposure to asbestos from a product made or sold Owens-Illinois was a substantial factor in causing his lung cancer.  There simply is no reasonable, good-faith basis for Plaintiff's attorneys ("CVLO") to persist in prosecuting this second action when there was never evidence to support her claims against Owens-Illinois.  For these reasons, Owens-Illinois requests summary judgment and its costs, expenses, and attorneys' fees incurred in this second case.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts about Owens-Illinois are undisputed.  Owens-Illinois is, and always has been, a glass company.  Owens-Illinois is named as a defendant because, for a limited period of time ending on April 30, 1958, it made and sold a

high temperature thermal insulation product called Kaylo. On April 30, 1958, Owens-Illinois sold the entire Kaylo business to Owens Corning Fiberglas, a separate company that continued to make and sell insulation under the brand name Kaylo into the 1970s. Owens-Illinois did not make or sell Kaylo after April 30, 1958.

Fact discovery closed on August 26, 2013. Order at ¶ 3, ECF No. 8. During discovery, Owens-Illinois issued specific requests upon Plaintiff for the facts supporting her allegations against Owens-Illinois. Pl.'s Resp. Discovery (Ex B) at 1-19. But Plaintiff lacked any information to support her own factual allegations:

> 1.  Admit that Harry Moss was never exposed to asbestos from any Owens-Illinois asbestos-containing product.
>
> **RESPONSE:** Following reasonable inquiry, the information known or readily obtainable is insufficient to enable plaintiff to further admit or deny.
>
> 2.  Admit that Harry Moss never saw a package of any Owens-Illinois asbestos-containing product.
>
> **RESPONSE:** Following reasonable inquiry, the information known or readily obtainable is insufficient to enable plaintiff to further admit or deny.
>
> 3.  Admit that Harry Moss never purchased any Owens-Illinois asbestos containing product.
>
> **RESPONSE:** Following reasonable inquiry, the information known or readily obtainable is insufficient to enable plaintiff to further admit or deny.
>
> 4.  Admit that Harry Moss never used any Owens-Illinois asbestos containing product.
>
> **RESPONSE:** Following reasonable inquiry, the information known or readily obtainable is insufficient to enable plaintiff to further admit or deny.
>
> 5.  Admit that no one used any Owens-Illinois asbestos-containing product ever in Harry Moss's presence.

> **RESPONSE:** Following reasonable inquiry, the information known or readily obtainable is insufficient to enable plaintiff to further admit or deny.

*Id.* at 2-3.

Moreover, when asked to support her factual contentions under Federal Rule of Civil Procedure 11(b)(3), Plaintiff listed one product identification witness, Leu Skeels.  *Id.* at 6.  Mr. Skeels was deposed, and unquestionably does not support Plaintiff's factual contentions, because he could not identify Kaylo insulation made or sold by Owens-Illinois:

> Q    Do you remember any of the brand name, trade name, manufacturer name of any of the insulation products that you worked with or around besides Grace and Johns Manville?
>
> **A    No.**

Leu Skeels Dep. (Ex. C) at 128:4-16.  Mr. Skeels also captured these illegitimate claims against Owens-Illinois when he testified that certain law firms, like CVLO, "took it away from the people that really worked with asbestos, you know.  And to me, a lot of it was illegitimate, crooked lawyers and doctors."  *Id.* at 93:10-13.

CVLO then ignored requests to acknowledge the total lack of evidence and entreaties to dismiss Owens-Illinois.  E-Mail (Ex. D) at 1-3 from Brian Watson to Jin-Ho Chung.  Instead, CVLO chose to force Owens-Illinois to continue in this second action and incur expenses through discovery and through summary judgment.  Owens-Illinois was forced to prepare responsive defense experts, file for summary judgment, and incur other unnecessary expenses — all after fact discovery closed and all after Owens-Illinois requested a dismissal.

After fact discovery closed, counsel for Owens-Illinois wrote:

> Now that we have deposed Leu Skeels, can you please confirm whether plaintiff will voluntarily dismiss O-I from this case? We would like to avoid incurring the fees and costs of further discovery and of discovery and dispositive motions, and later seeking these fees and costs from the Court.

*Id.* CVLO never responded to this request.

On December 6, 2013, counsel for Owens-Illinois wrote again:

> Where do we stand on a voluntary dismissal? O-I can agree to a dismissal with prejudice each party to bear its own costs. Please send a stipulation and proposed order if Plaintiff agrees as well. Otherwise, O-I will request and seek all available relief with its motion for summary judgment.

*Id.* CVLO never responded to this request either.

CVLO never had evidence to support its allegations against Owens-Illinois, and by the close of fact discovery, the complete dearth of evidence against Owens-Illinois was obvious to all. No evidence showed that Mr. Moss ever was exposed to any asbestos-containing product manufactured or sold by Owens-Illinois. CVLO's allegations against Owens-Illinois had no evidentiary support pre- or post-filing, and CVLO knew that dismissal was necessary by the close of fact discovery. In fact, counsel for Owens-Illinois had communicated that fact to CVLO — at least twice. But CVLO forced Owens-Illinois to continue this litigation and repeatedly ignored Owens-Illinois's requests for a dismissal, which were specifically designed to avoid additional litigation costs and expenses, once it became clear to any rational observer that there was no evidence to support Plaintiff's allegations against Owens-Illinois.

## III.   LEGAL STANDARD

### A.   The Summary Judgment Standard

Summary judgment is appropriate if there are no genuine disputes as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact."  *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).  A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.

Summary judgment will be entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Although the moving party bears the initial burden to show the absence of any genuine disputes of material fact, meeting this obligation shifts the burden to the nonmoving party who must "set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 250.  "Summary judgment must be granted where no genuine issue of material fact exists for resolution at trial and the moving party is entitled to judgment as a matter of law."  *Orson Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996).  "When the nonmoving party will bear the burden of proof at trial, the moving party may

meet its burden by showing that the nonmoving party has not offered evidence sufficient to establish the existence of an element essential to its case." *Id.*

### B.   The Applicable Law of Wisconsin

Federal jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332, and this action was initially filed in the Eastern District of Wisconsin.  Compl. (Ex. A) at ¶¶ 17-25.  To decide what substantive law governs, a federal transferee court in diversity jurisdiction applies the choice-of-law rules of the state in which the action was filed.  *See Van Dusen v. Barrack*, 376 U.S. 612, 637-40 (1964) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Guaranty Trust Co. v. York*, 326 U.S. 99, 108 (1945)).  Plaintiff has alleged exposure to asbestos-containing products only in Wisconsin, so Wisconsin substantive law governs her claims against Owens-Illinois.  As such, this Court should apply Wisconsin substantive law.

## IV.   ARGUMENT

### A.   Owens-Illinois Is Entitled to Summary Judgment Because Plaintiff Has No Causation Evidence Against Owens-Illinois.

#### 1.   Wisconsin Demands Proof of Substantial Factor Causation in Asbestos Cases.

To survive summary judgment under Wisconsin law, as previously discussed by this Court, a plaintiff must produce evidence showing that defendant's conduct was a cause of the plaintiff's injury.  *Dion v. Anchor Packing Co.*, No. 2:10-cv-64681, 2011 WL 6026701, at *1 (E.D. Pa. Oct. 4, 2011) (quoting *Horak v. Building Servs. Indus. Sales Co.*, 309 Wis. 2d 188, 198, 750 N.W.2d 512, 517 (Wis. Ct. App. 2008)).  Causation is an essential and identical element for both products liability and

negligence. *Schuh v. Fox River Tractor Co.*, 63 Wis. 2d 728, 735, 218 N.W.2d 279, 283 (Wis. 1974) ("'strict liability . . . is subject to the ordinary rules of causation and the defense applicable to negligence" (citation omitted)); *Rogers v. AAA Wire Prods., Inc.*, 182 Wis. 2d 263, 270, 513 N.W.2d 643, 645 (Wis. Ct. App. 1994).

Plaintiff must show that defendant's conduct was "'a substantial factor in producing the injury.'" *Dion*, 2011 WL 6026701, at *1 (quoting *Horak*, 309 Wis. 2d at 198, 750 N.W.2d at 517). Therefore, plaintiff's evidence must satisfy a "causal identification requirement," showing what specific product caused the injury. *Rogers*, 182 Wis. 2d at 270-73, 513 N.W.2d at 645-46. That burden demands actual evidence and cannot rely on a series of inferences. *Singer v. Pneumo Abex, LLC*, 2012 WI App 27, 339 Wis. 2d 490, 809 N.W.2d 900 (Wis. App. Ct. 2012) (reversing and remanding to grant summary judgment where CVLO argued asbestos-containing brake shoes were present at worksite).

"Speculation is not permissible. The causation inference, to be reasonable, must be based on more than a 'mere possibility.' A reasonable inference is one based on 'credible evidence from which a reasonable person could infer that the injured party was exposed to the defendant's products.'" *Id.* (brackets omitted) (quoting *Zielinski v. A.P. Green Indus., Inc.*, 263 Wis. 2d 294, 306, 661 N.W.2d 491, 497 (Wis. Ct. App. 2003)). Even before *Singer*, this Court entered summary judgment routinely under Wisconsin law where plaintiffs could not present credible

evidence of exposure to a defendant's asbestos-containing product.[1]  "It follows that, as for product identification in the asbestos context, a defendant must be granted summary judgment when plaintiff's exposure to defendant's asbestos-containing products was a 'mere possibility.'"  *Dion*, 2011 WL 6026701, at *1 (quoting *Zielinski*, 263 Wis. 2d at 306, 661 N.W.2d at 497).

## 2. Owens-Illinois Cannot Be Held Liable for Kaylo Exposure After April 30, 1958.

Furthermore, Owens-Illinois did not make or sell Kaylo insulation after April 30, 1958.  On that date, Owens-Illinois left the insulation business altogether and sold the Kaylo business to Owens Corning Fiberglas, a separate company that continued to make and sell Kaylo insulation into the early 1970s.  In the fifty-four years since the sale of the Kaylo division, Owens-Illinois has not manufactured any asbestos-containing thermal insulation product.  Accordingly, Owens-Illinois cannot be held liable for Kaylo exposure after April 30, 1958.  *Gillenwater v. Honeywell Int'l*

---

[1] *Dion*, 2011 WL 6026701, at *1 (entering summary judgment when coworker testified that Crane Co. products were "more than likely" in the stockroom at jobsite and Crane Co. name sounded "familiar"); *Dion v. Anchor Packing Co.*, 2011 WL 6026598, at *1 n.1 (E.D. Pa. Oct. 4, 2011) (entering summary judgment when coworker testified he worked on Aurora pumps "the most" at jobsite, and he saw plaintiff work on or near an Aurora pump at least once); *Dion v. Anchor Packing Co.*, 2011 WL 6026704, at *1 n.1 (E.D. Pa. Oct. 4, 2011) (entering summary judgment when coworker remembered one Goulds product, but there was no testimony as to whether it contained asbestos); *Anderson v. A.W. Chesterton Co.*, 2012 WL 2877405, at *1 n.1 (E.D. Pa. Apr. 5, 2012) (entering summary judgment where "there is no evidence that [plaintiff] (or electricians in general) worked on motors in a manner that would have created airborne dust that could have exposed him to any asbestos that was contained therein"); *Anderson v. A.W. Chesterton Co.*, 2012 WL 2877397, at *1 n.1 (E.D. Pa. Apr. 5, 2012) (entering summary judgment where "[t]here is also no evidence that [plaintiff] worked on motors in a manner that would have created airborne dust that could have exposed him to any asbestos that may have been contained therein").

*Inc.*, 2013 IL App (4th) 120929, at ¶¶ 119-23; *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 516 (Cal. Ct. App. 2004); *Kurak v. A.P. Green Refractories Co.*, 298 N.J. Super. 304, 322, 689 A.2d 757, 766 (N.J. App. Div. 1997).

The issue has been litigated nationwide with the same result. In *Gillenwater*, the court held that "impos[ing] liability on Owens-Illinois would violate a fundamental tenet of products-liability law: a manufacturer is responsible only for the defects in the products it manufactured." *Gillenwater*, IL App (4th) 120929, at ¶ 121. "Upon selling the Kaylo division to Owens-Corning, Owens-Illinois lost its power to stop the assembly line. To make Owens-Illinois liable for the Kaylo that Owens-Corning continued to churn out would make Owens-Illinois an insurer of Owens-Corning." *Id.* at ¶ 122.

In *Cadlo*, the court explained that "Owens-Illinois ended all association with Kaylo when it sold its Kaylo division in 1958," and therefore "Owens-Illinois had had no business association with, direct or indirect financial interest in, or control over Kaylo . . . by the time [plaintiff] was exposed to OCF's Kaylo." 125 Cal. App. 4th at 524. Likewise in *Kurak*, the court concluded "there was not enough evidence to identify OI as a legally responsible source" because "[a]fter 1958, OI was no longer involved with Kaylo." *Id.* The trial court in *Kurak* therefore erred by failing to direct a verdict for Owens-Illinois on any alleged exposure after April 30, 1958. *Id.* Just like *Gillenwater*, *Cadlo* and *Kurak*, Owens-Illinois cannot be held liable here for Mr. Moss's alleged exposure to Kaylo after April 30, 1958.

### 3. Plaintiff Has No Exposure Evidence as to Owens-Illinois Kaylo.

As discussed above, however, Plaintiff has no admissible evidence that Mr. Moss was ever exposed to any Owens-Illinois asbestos-containing product. There is no evidence anywhere in the record that Mr. Moss was exposed to Owens-Illinois Kaylo. Therefore, Plaintiff has failed on the most fundamental obligation: present actual evidence that Mr. Moss was exposed to an Owens-Illinois asbestos-containing product. *Singer*, 2012 WI App at 27, 339 Wis. 2d at 490, 809 N.W.2d at 900 (entering summary judgment where plaintiff failed "to create a genuine issue of material fact regarding whether [he] was exposed to asbestos from [defendant's] brake shoes"). Because there is no genuine evidence that any conduct by Owens-Illinois caused any injury to Mr. Moss as a matter of law, Owens-Illinois is entitled to summary judgment.

### B. Owens-Illinois Is Entitled to Summary Judgment Because No Expert Has a Specific Causation Opinion as to Owens-Illinois.

Each of Plaintiff's claims requires proof of causation. *Singer*, 2012 WI App 27, 339 Wis. 2d at 490, 809 N.W.2d at 900; *Onderank*, 79 Wis. 2d at 247, 255 N.W.2d at 510. None of Plaintiff's disclosed experts, however, has opined that Mr. Moss was exposed to asbestos from a product made or sold Owens-Illinois, let alone that this exposure was a substantial factor in causing his asbestosis. *See* Henry Anderson Rep., ECF No. 52-1 (citing no facts in the record that would support an opinion about Owens-Illinois); Stephen Kenoyer Rep., ECF No. 52-2 (same).

Expert reports, in and of themselves, "must be sufficiently complete to satisfy the criteria of the *Daubert* decision, and one of those criteria, as we have been at

pains to emphasize, is that the expert show how his conclusion is grounded in—follows from—an expert study of the problem." *Smith v. Sofamor, S.N.C.*, 21 F. Supp. 2d 918, 922 (W.D. Wis. 1998) (citation omitted) (entering summary judgment for lack of specific causation under Wisconsin law).  To establish liability, plaintiffs must prove that the product was cause in fact of their injuries, and "'the lack of expert testimony on the question of causation results in an insufficiency of proof where the issue involves technical, scientific or medical matters which are beyond the common knowledge or experience of jurors and the jury could only speculate as to what inference to draw.'"  *Id.* at 921 (quoting *Ollman v. Wisconsin Health Care Liab. Ins. Plan*, 178 Wis. 2d 648, 667 (Wis. Ct. App. 1993)); *Cali v. Danek Med. Inc.*, 24 F. Supp. 2d 941, 950 (W.D. Wis. 1998) (same); *Solar v. Kawasaki Motor Corps, USA*, 221 F. Supp. 2d 967, 971 (E.D. Wis. 2002) (same).

Here, without any expert testimony drawing the specific causation between Mr. Moss's alleged exposure to asbestos from any Owens-Illinois product and his alleged lung cancer, Plaintiff's claims fail as a matter of law.  *See id.*; *Kujawski v. Arbor View Health Care Ctr.*, 407 N.W.2d 249, 252-53 (Wis. 1987) (expert testimony required if "the trier of fact is faced with matters requiring special knowledge or skill or experience on subjects which are not within the realm of the ordinary experience of mankind").

Moreover, even if Plaintiff's experts tried to opine that Mr. Moss was exposed to asbestos from an Owens-Illinois product (which they have not), the opinions would have been inadmissible under *Daubert* and Federal Rules of Evidence 702

and 703.  Any case-specific exposure opinion would be based on speculation and assumptions about Mr. Moss's exposures to asbestos from an Owens-Illinois product.  Opinions not based on any facts or data are unreliable from their very start and must be excluded.  *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3rd Cir. 2002) ("It is an abuse of discretion to admit expert testimony which is based on assumptions lacking any factual foundation in the record."); *Fedorczyk v. Caribbean Cruise Lines, Ltd.*, 82 F.3d 69, 75 (3d Cir. 1996) ("[i]f an expert opinion is based on speculation or conjecture, it may be stricken"); *JMJ Enters., Inc. v. Via Veneto Italian Ice, Inc.*, No. Civ. A. 97-CV-0652, 1998 WL 175888, at *6 (E.D. Pa. April 15, 1998) ("An expert's testimony must have some connection to existing facts"); *see also In re TMI Litig.*, 193 F.3d 613, 698 (3d Cir. 1999).  Owens-Illinois is therefore entitled to summary judgment because no expert has specifically opined that exposure to any Owens-Illinois product was a cause of Mr. Moss's lung cancer.

### C. Owens-Illinois Is Entitled to Costs, Expenses, and Attorneys' Fees Under 28 U.S.C. § 1927.

Under § 1927, any "attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  As interpreted by the Third Circuit, "the principal purpose of sanctions under § 1927 is 'the deterrence of intentional and unnecessary delay in the proceedings.'"  *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101 (3d Cir. 2008) (citation omitted).  As a result, § 1927

"impose[s] a continuing obligation on attorneys to dismiss claims that are no longer viable." *Id.* at 102 (citation omitted).

To support sanctions, a court must "find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Prudential Ins. Co. Am. Sales Practice Litig. Actions*, 278 F.3d 175, 190 (3d Cir. 2002). For bad faith, a court may rely on several indications "that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Id.*

As explained above, CVLO brought two cases stemming from Mr. Moss's alleged exposure to asbestos-containing products. CVLO never had evidence to support its allegations against Owens-Illinois, and by the close of fact discovery in the first case, the complete lack of evidence against Owens-Illinois was clear. No evidence showed that Mr. Moss ever was exposed to any asbestos-containing product made or sold by Owens-Illinois. CVLO's allegations against Owens-Illinois had no evidentiary support pre- or post-filing, and CVLO knew that dismissal was necessary by the close of fact discovery. In fact, counsel for Owens-Illinois had communicated that fact to CVLO — at least twice. CVLO forced Owens-Illinois to continue this litigation beyond fact discovery, incurring expenses through expert discovery and summary judgment proceedings.

When attorneys vexatiously continue proceedings beyond the close of fact discovery, like CVLO did here, courts impose sanctions under § 1927. *See Burger-Moss v. Steinman*, 127 F.R.D. 452, 453-54 (S.D.N.Y. 1989) ("By putting defendants to the effort and expense of preparing the joint motion for summary judgment, counsel for the plaintiffs unreasonably and vexatiously multiplied the proceedings, making an award of attorneys fees appropriate under 28 U.S.C. § 1927. . . . After all the facts had been uncovered, plaintiffs' counsel recognized that plaintiffs were unable to prove access, an essential element of their claim. At that point, counsel had an obligation not to further multiply the proceedings."); *Thorpe v. Ancell*, No. 03-cv-01181, 2006 WL 2406240, at *2 (D. Colo. Aug. 18, 2006) ("Once discovery was completed, Mr. Silva ought reasonably and responsibly to have dismissed the case. Continued litigation after that time could no longer be characterized as zealous representation, but rather became a serious and studied disregard for the orderly processes of the court." (citation omitted)).

In particular for mass tort litigation, as here, courts find that attorneys multiply the proceedings unreasonably and vexatiously if they continue to prosecute claims when there is no reliable basis for their allegations and when they try to overwhelm the judicial system and prevent examination of each individual claim in order to extract mass settlements. *In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 674-79 (S.D. Tex. 2005).  CVLO's refusal to dismiss meritless claims is an unfortunately common event in MDL-875.  Indeed, standard CVLO operating procedure appears to be to refuse dismissal of its meritless claims, force defendants

to litigate for extended periods of time, and then if and only if defendants incur the expenses of expert discovery and dispositive motions agree to dismissals in exchange for a waiver of costs.

This case is a § 1927 poster child.  CVLO proceeded after the close of fact discovery in the second case and after Owens-Illinois requested a dismissal — without any evidentiary basis for its claims against Owens-Illinois.  Section 1927 "impose[s] a continuing obligation on attorneys to dismiss claims that are no longer viable."  *In re Schaefer Salt Recovery, Inc.*, 542 F.3d at 102 (citation omitted).  Once the facts had been uncovered and fact discovery closed, the only conclusion that can be drawn is CVLO sought to multiply the proceedings unreasonably and vexatiously beyond the close of fact discovery.  *See id.*; *Burger-Moss v. Steinman*, 127 F.R.D. at 453-54; *Thorpe*, 2006 WL 2406240, at *2.  Owens-Illinois is entitled to its costs, expenses, and attorneys' fees incurred in this second action under 28 U.S.C. § 1927.

## V.    CONCLUSION

Owens-Illinois, Inc., pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1927, respectfully requests that this Court enter an order granting summary judgment and awarding costs, expenses, and attorneys' fees incurred against Cascino Vaughan Law Offices, Ltd.  In the alternative, Owens-Illinois, Inc. reserves the right to seek all of its taxable costs as the prevailing party pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.

Dated:  December 10, 2013   Respectfully submitted,


By:/s/ Brian O. Watson
  Robert H. Riley
  Edward Casmere
  Brian O. Watson
  Schiff Hardin LLP
  233 S. Wacker Dr. Suite 6600
  Chicago, Illinois  60606
  (312) 258-5500
  (312) 258-5600 (facsimile)
  *Attorneys for Defendant*
  *Owens-Illinois, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on December 10, 2013, these papers were filed with the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-1248
CH2\13924057.1