IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE M. MOSS, | : | CONSOLIDATED UNDER |
| | : | MDL 875 |
| Plaintiff, | : | |
| | : | |
| v. | : | Transferred from the Western District of Wisconsin |
| | : | (13-00042) |
| CBS CORPORATION, ET AL., | : | |
| | : | E.D. PA CIVIL ACTION NO. |
| Defendants. | : | 2:13-CV-60004-ER |

FILED FEB 2 4 2015 MICHAEL E. KUNZ, Clerk By _____ Dep. Clerk

## O R D E R

**AND NOW,** this **23rd** day of **February, 2015,** it is hereby **ORDERED** that the Motion for Summary Judgment of Defendant Trane U.S., Inc. (Doc. No. 88) is **DENIED with leave to refile in the transferor court.**[1]

---

[1] This case was transferred in April of 2013 from the United States District Court for the Western District of Wisconsin to the United States District Court for the Eastern District of Pennsylvania as part of MDL-875.

Harry Moss ("Decedent" or "Mr. Moss") worked with boilers in Wisconsin from approximately 1951 to 1968. Defendant Trane U.S., Inc. ("Trane") is being sued for boilers manufactured under the name Kewanee and installed prior to 1970 (the time of an Asset Purchase Agreement). Plaintiff has alleged that Decedent was exposed to asbestos from external insulation, gaskets, and packing used in connection with Defendant's turbines but not manufactured or supplied by Defendant. Decedent was diagnosed with lung cancer and asbestosis.

Plaintiff has brought claims against various defendants. Defendant Trane has moved for summary judgment, arguing that it is entitled to summary judgment because (1) there is insufficient product identification evidence to establish causation with respect to its product(s), in part because (2) it cannot be liable for products it did not manufacture or supply,

and in part because (3) it cannot be liable for Kewanee boilers, as it sold that division of its business in 1970.

The parties agree that Wisconsin law applies.

## I. Legal Standard

### A. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

### B. The Applicable Law

The parties have agreed that Wisconsin substantive law applies. Therefore, this Court will apply Wisconsin substantive law in deciding Defendant's Motion for Summary Judgment. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); see also Guaranty Trust Co. v. York, 326 U.S. 99, 108 (1945).

C.  Product Identification/Causation Under Wisconsin Law

Wisconsin applies the "substantial factor" test in deciding whether a defendant's negligence was a cause of a plaintiff's harm. The issue of causation is one for the jury. In order for defendant's negligence to be a cause of plaintiff's injury, such that defendant could be held liable for the injury, his negligence must have been "a substantial factor in producing the injury." Horak v. Building Servs. Indus. Sales Co., 309 Wis.2d 188, 750 N.W.2d 512, 517 (Wis. Ct. App. 2008) (quoting Jones v. Dane County, 195 Wis.2d 892, 537 N.W.2d 74, 84 (Wis. Ct. App. 1995)). In Wisconsin, "[t]he cause of an accident is not determined by its most immediate factor;" rather, "there may be several substantial factors contributing to the same result." Sampson v. Laskin, 66 Wis.2d 318, 224 N.W.2d 594, 597-98 (Wis. 1975).

"A mere possibility" of causation is not sufficient, and "when the matter remains one of pure speculation or conjecture or the probabilities are at best evenly balanced," then summary judgment must be granted for defendant. Zielinski v. A.P. Green Indus., Inc., 263 Wis.2d 294, 661 N.W.2d 491, 497 (Wis. Ct. App. 2003) (quoting Merco Distrib. Corp. v. Commercial Police Alarm Co., 84 Wis.2d 455, 267 N.W.2d 652, 655 (Wis. 1978)). When there is "no credible evidence upon which the trier of fact can base a reasoned choice between ... two possible inferences, any finding of causation" would be impermissibly based on speculation and conjecture. Merco, 267 N.W.2d at 655.

It follows that, as for product identification in the asbestos context, a defendant must be granted summary judgment when plaintiff's exposure to defendant's asbestos-containing products was a "mere possibility." Zielinski, 661 N.W.2d at 497. However, summary judgment must be denied when plaintiffs have presented "credible evidence from which a reasonable person could infer that [plaintiff] was exposed to [defendant's] products." Id.

Wisconsin courts have denied summary judgment when the record has established the following: plaintiff did the "type of work" that used asbestos; plaintiff's employer bought or "probably bought" asbestos from defendant; and a reasonable jury could infer that plaintiff therefore used asbestos in his work. See Horak v. Building Servs. Indus. Sales Co., 309 Wis.2d 188, 750 N.W.2d 512, 516 (Wis. Ct. App. 2006) (citing Zielinski, 661

N.W.2d at 497-98); see also Lee v. John Crane, Inc., 2003 WL 23218095 at *2 (W.D. Wis. 2003) (citing Lockwood v. AC & S, Inc., 44 Wash. App. 330, 722 P.2d 826 (Wash. Ct. App. 1986) (requiring plaintiff to prove only that asbestos-containing product of defendant's was used at job site simultaneously with his employment)).

In Zielinski, the Court of Appeals of Wisconsin reversed the lower court's grant of summary judgment for defendant. 661 N.W.2d at 493-94. The court found that issues of material fact existed with respect to the following issues: 1) whether defendant sold or supplied asbestos-containing products to decedent's employer; and 2) whether decedent was exposed to asbestos-containing products supplied by defendant while he worked for employer. Id. Regarding the first issue, plaintiff presented the testimony of one of decedent's co-workers, as well as the testimony of an expert, an engineer. Both witnesses referred to approved vendor lists that had come from the employer, which indicated that defendant's asbestos-containing product was purchased by the employer. Id. at 494-496. Regarding the second issue, the court considered the "totality of the circumstances surrounding the work of masons at [the employer] and the products they generally used." Id. at 497. Decedent was a mason, and the testimony of his co-worker (also a mason) that both men performed refractory work on furnaces was enough to raise an issue of fact as to whether decedent was exposed to defendant's asbestos-containing product and whether it was a substantial factor in causing his injury. Id. at 497-498.

In Horak, the Court of Appeals of Wisconsin reversed the lower court's grant of summary judgment for defendant, when there was evidence in the form of sales records that defendant had supplied asbestos material to plaintiff's employer. 750 N.W.2d at 513. Although defendant was not the employer's "main supplier" of asbestos materials, the sales records indicated that defendant supplied thousands of pounds of asbestos insulation materials to the employer during the time when plaintiff was employed there. Id. at 514. Moreover, even though plaintiff did not testify in this case, his co-worker testified that the employer had only-three or four employees, and that plaintiff's job duties included installing asbestos installation, which released dust into the air. Id. That the employer purchased asbestos from defendant created a reasonable inference that the employer used defendant's asbestos. Also, the small size of the company created a reasonable inference that plaintiff used at least some of defendant's asbestos. Id. at 516-17. Therefore,

4

summary judgment was denied and the question of whether defendant's asbestos was a cause of plaintiff's cancer became one for the jury. Id. at 517.

In sum, Wisconsin courts have found that when plaintiffs have presented "credible evidence from which a reasonable person could infer that [plaintiff] was exposed to" defendant's asbestos-containing products, then summary judgment must be denied, and the question of causation given to a jury.

## II. Defendant Trane's Motion for Summary Judgment

### A. Defendant's Arguments

Product Identification / Causation / Bare Metal Defense

Trane argues that there is insufficient product identification evidence to support a finding of causation with respect to any product(s) for which it can be liable. Specifically, it contends that it cannot be liable for component or replacement parts that were used with its boilers but which it neither manufactured nor supplied.

Liability for Kewanee Boilers

Defendant Trane asserts that it cannot be liable for any boilers manufactured under the name Kewanee because its predecessor company (American Standard, Inc.) sold its "Kewanee Boiler Division" of its business to Oakfabo on January 29, 1970 and that Oakfabco assumed all liabilities for those boilers. Defendant claims that the plain language of the sales agreement makes this clear. Defendant also cites to caselaw in which this issue has been addressed by other courts.

### B. Plaintiff's Arguments

Liability for Kewanee Boilers

Plaintiff asserts that Kewanee Boiler Corporation operated as a division of American Standard, Inc. until it was sold to Oakfabco in 1970 - and that American Standard, Inc. purchased the Trane Company by merger in 1984. Plaintiff contends that Defendant Trane is liable through its merger with American Standard, Inc. for Plaintiff's pre-1970 exposures to asbestos-containing products used in or with Kewanee boilers.

5

Product Identification / Causation / Bare Metal Defense

      In response to Defendant's assertion that there is insufficient product identification evidence to establish causation with respect to its products, Plaintiff points to, inter alia, the following evidence:

- Deposition of Co-Worker Leu Skeels
  Mr. Skeels testified that Decedent was exposed to respirable asbestos from external insulation, gaskets and rope packing used with boilers manufactured under the name Kewanee on numerous occasions during the years 1951 to 1968.

  (Pl. Ex. 1, Doc. No. 100-4.)

### C. Analysis

Liability for Kewanee Boilers

      It is undisputed that Defendant Trane's predecessor company (American Standard, Inc.) sold its "Kewanee Boiler Division" of its business to Oakfabo on January 29, 1970. It is also undisputed that American Standard, Inc. and the Trane Company merged in 1984. Plaintiff contends that Defendant Trane is liable through its merger with American Standard, Inc. for Plaintiff's pre-1970 exposures to asbestos-containing products used in or with Kewanee boilers. Defendant contends that, pursuant to the 1970 Purchase Agreement entered into between American Standard, Inc. and Oakfabco for the Kewanee Boiler Division, Oakfabco assumed all liabilities for Kewanee boilers – including the liabilities for pre-1970 exposures to asbestos.

      The Court has reviewed the 1970 Purchase Agreement and has determined that it does not preclude American Standard's (and now, by way of merger, Defendant Trane's) liability for asbestos claims arising in connection with Kewanee boilers. This is because the language of that Purchase Agreement specifically limits Oakfabco's assumption of liability in connection with Kewanee boilers to those:

> **existing and outstanding as of the date hereof** [i.e., January 29, 1970], including by way of specification, but not limitation, the following:

>    (i) all liabilities and obligations of Kewanee shown on the Balance Sheet of Kewanee dated as of December 31, 1969, a copy of which is annexed hereto;
>
>    (ii) all liabilities and obligations of Kewanee arising since December 31, 1969 to the date hereof;
>
>    (iii) warranty service, repair and return obligations of Kewanee and other claims and complaints arising out of, or in connection with any products manufactured, sold, leased or installed by Kewanee on or prior to the date hereof; . . . .

(Def. Ex. A, Doc. No. 107-1) (emphasis added).

Although it is true that provision "iii" seems to include the transfer to Oakfabco of liability for asbestos claims arising out of or in connection with Kewanee boilers sold, leased or installed by Kewanee prior to January 29, 1970, it only includes those claims that were "existing and outstanding as of [January 29, 1970]." Therefore, because Plaintiff was not diagnosed with the asbestos-related illnesses giving rise to the claims at issue in this case (i.e., lung cancer and asbestosis) until well after 1970, the claims were not "existing and outstanding" as of January 29, 1970. This is true despite the fact that the asbestos exposure may have occurred prior to that date. Accordingly, summary judgment in favor of Defendant with respect to claims arising from alleged asbestos exposure in connection with Kewanee boilers on grounds that it cannot be liable for injury arising from Kewanee boilers is denied. See Anderson, 477 U.S. at 248.

Product Identification / Causation / Bare Metal Defense

Plaintiff alleges that Decedent was exposed to asbestos from insulation, gaskets, and packing used in connection with boilers manufactured under the name Kewanee, for which it contends Defendant Trane is liable. Plaintiff does not allege that Defendant (or its predecessor) manufactured or supplied any of the insulation, gaskets, or packing at issue and instead contends that Defendant is liable for harm arising from these products because such use and harm was foreseeable to Defendant. Plaintiff has presented evidence of exposure by Decedent to respirable asbestos from external insulation, gaskets and rope packing used with boilers manufactured under the name Kewanee on

7

E.D. Pa. No. 2:13-60004-ER                    **AND IT IS SO ORDERED.**

*[signature]*
_____
EDUARDO C. ROBRENO, J.

---

numerous occasions during the years 1951 to 1968. As such, Defendant can only be liable for asbestos exposure arising from these component and replacement parts if Wisconsin law does not recognize the so-called "bare metal defense." The Court has searched for but has not located any appellate authority from Wisconsin directly addressing the availability of this defense in the context of an asbestos case. As such, the Court believes that the transferor court sitting in Wisconsin is better situated to address whether Wisconsin law recognizes the defense. Accordingly, as the Court is unable to conclude at this point that there is no genuine dispute of material fact with respect to claims arising from this alleged source of asbestos exposure, Defendant's motion for summary judgment on these claims will be denied with leave to refile in the transferor court. See Anderson, 477 U.S. at 248-50.

### D.  Conclusion

Summary judgment in favor of Defendant with respect to claims arising from alleged asbestos exposure in connection with Kewanee boilers on grounds that it cannot face liability for Kewanee boilers due to its 1970 Purchase Agreement with Oakfabco is denied because the Purchase Agreement only transferred liability for claims already in existence at that time (which does not include Plaintiff's current claims pertaining to Kewanee boilers).

Summary judgment in favor of Defendant on grounds of insufficient evidence of product identification / causation is denied, with leave to refile in the transferor court, which is better situated to address this unsettled issue of Wisconsin law.