IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) : | Consolidated Under MDL DOCKET NO. 875 |
| MOSS | |
| v. | |
| VARIOUS DEFENDANTS | E.D. Pa. Case No. 13-60004 |

FILED
APR -1 2015
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

O R D E R

**AND NOW**, this **1st** day of **April, 2015**, it is hereby

**ORDERED** that Defendant Trane U.S. Inc.'s Motion for Reconsideration (ECF No. 119) is **DENIED**.[1]

---

[1] A Motion for Reconsideration will be granted when the party seeking reconsideration establishes "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [issued its previous decision]; or (3) the need to correct a clear error of law or fact or prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995); United States v. Cabiness, 278 F. Supp. 2d 478, 483-84 (E.D. Pa. 2003) (Robreno, J.) (construing motion alleging legal error as motion for reconsideration under Fed. R. Civ. P. 59(e) and Local Rule 7.1(g)). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

As Defendant notes in its motion for reconsideration, the reasoning of the New York Court of Appeals in American Standard, Inc. v. Oakfabco, Inc., 927 N.E.2d 1056 (N.Y. 2010), for finding that Oakfabco had assumed liabilities for Kewanee Boilers -- including those installed prior to 1970 if injury did not arise until after 1970 (the date set forth in the Purchase Agreement) -- was that it would create an absurd result for **customers** who had purchased the boilers and were turning to Oakfabco for repairs

AND IT IS SO ORDERED.

/s/ Eduardo C. Robreno
/EDUARDO C. ROBRENO, J.

---

and/or relief. The rationale set forth by the New York Court of Appeals is not applicable to the present case, as the injured Plaintiff was not a customer who purchased the boilers and was instead a worker servicing the boilers and/or equipment around them. Accordingly, the Motion for Reconsideration is denied, as none of the Quinteros factors has been met.